**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**UNITED STATES OF AMERICA**

        - against -                    12 Cr. 552 (JGK)

**CHARLES ARROYO,**                    **MEMORANDUM OPINION AND ORDER**

             **Defendant.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The jury in this case found the defendant, Charles Arroyo, guilty of Count One of a three count indictment, namely intentionally and knowingly distributing and possessing with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1)—specifically, a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).[1] (Indictment ¶¶ 1-2.) The defendant now moves pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure for a judgment of acquittal on the count of which he was convicted. In the alternative, he also moves for a new trial pursuant to Rule

---

[1] The jury found the defendant not guilty of Count Two of the Indictment, which charged him with knowingly using and carrying a firearm, which was discharged, during and in relation to the drug trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Indictment ¶ 3.) Count Three had been severed and, following his conviction on Count One, the defendant pleaded guilty to Count Three. Count Three charged the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Indictment ¶ 4.)

1

33(a) of the Federal Rules of Criminal Procedure. For the reasons explained below, the motions are **denied**.

**I.**

There was sufficient evidence introduced at trial from which the jury could have found as follows.

On or about September 4, 2011, Ashley Mooney, Andzelika ("Angie") Brudersaite, Shane Lee, and John Paul Mooney, were involved, directly and indirectly, in two drug transactions with the defendant. The witnesses testified that prior to the two drug transactions, each had used a variety of illegal narcotics at a "rave" called "Electric Zoo." (Trial Tr. ("Tr.") 97, 162-63, 182, 233-34, 303, 316.) Three of the witnesses testified that they had used cocaine in the past. (Tr. 97 (Ashley), 164-65 (Shane), 236 (John Paul).)

John Paul Mooney testified that for approximately six months prior to September 2011 he had purchased drugs from Mr. Arroyo. (Tr. 236.) He testified that he would never use the word "cocaine" over the phone when ordering drugs from the defendant. (Tr. 236.) The relevant transactions in this case began during the day on September 3, 2011, when Ashley Mooney used John Paul Mooney's cell phone and called the defendant. She asked the defendant for "one bag of cocaine." (Tr. 101.)

2

She identified the defendant as John Paul's "cocaine dealer." (Tr. 101.) Ashley testified that the defendant became angry with her when she used the word "cocaine" over the phone, because she did not use a code word and "somebody might have been listening to the line." (Tr. 102.)

Angie testified that she and Ashley Mooney first purchased cocaine outside of John Paul's apartment. (Tr. 305.) Ashley testified that she paid the defendant $50 for cocaine, which he provided in "[p]owder form in a white clear see-through bag." (Tr. 103.) Angie testified that it was "about a gram" of "cocaine" in "[w]hite powder form." (Tr. 305-07.) Ashley testified that when the first transaction was complete, she and others "made lines on the table and sniffed it." (Tr. 103.) Angie testified that she [i]ngested it through the nose." (Tr. 307)

After they had used all of the cocaine, Ashley explained that she and Angie engaged in a second drug transaction with the defendant. (Tr. 103-04.) Angie testified that because she and Ashley had no more money, they asked the defendant for cocaine on credit. (Tr. 307.) Ashley testified that during the second transaction, the defendant asked her if she "wanted to walk up to his apartment, to go get the bag of coke." (Tr. 104.) Ashley testified that she declined but Angie went with the

3

defendant and when the two returned with additional cocaine, Ashley Mooney, John Paul Mooney, Shane Lee, and Angie all "used" the cocaine. (Tr. 105.)

Shane Lee testified that when he returned to John Paul's apartment after leaving to change clothes,[2] he saw Ashley and Angie "putting out lines of cocaine," while the defendant was sitting in the corner of the room. (Tr. 164.) John Paul Mooney also testified to seeing cocaine on the table. (Tr. 238-39.) Mr. Lee estimated that based on his experience with drugs there were approximately two grams of cocaine on the table. (Tr. 164-65.) Mr. Lee testified that he used the cocaine -- "[j]ust put out the lines and snorted it like regular." (Tr. 165.)

## II.

To succeed on a motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rule of Criminal Procedure, the defendant must show that no rational trier of fact, viewing the evidence in the light most favorable to the Government, could have found the defendant guilty beyond a reasonable doubt of the essential elements of the crimes charged. United States v. Desena, 287 F.3d 170, 176 (2d Cir. 2002). A defendant making an

---

[2] Lee testified that he had gone home to change after getting into a fight outside of John Paul's apartment. (Tr. 163-64, 180-81.)

4

insufficiency claim "bears a very heavy burden." Id. at 177; see also United States v. Macklin, 927 F.2d 1272, 1277 (2d Cir. 1991) (collecting Second Circuit cases).

In considering the sufficiency of the evidence, the Court must "view the evidence presented in the light most favorable to the government, and . . . draw all reasonable inferences in its favor." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). The Court must analyze the pieces of evidence "not in isolation but in conjunction," United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994), and must apply the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others," United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999).

"[T]o avoid usurping the role of the jury," the Court must "not substitute [its] own determinations of credibility or relative weight of the evidence for that of the jury." Autuori, 212 F.3d at 111 (internal citation omitted). Thus, the Court must "defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998). The jury's verdict "may be based entirely on circumstantial evidence." United States v. Martinez, 54 F.3d

1040, 1043 (2d Cir. 1995); see also United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir. 2002); Macklin, 927 F.2d at 1277; United States v. Sattar, 395 F. Supp. 2d 79, 82-83 (S.D.N.Y. 2005).

To satisfy its burden on Count One, the Government was required to establish beyond a reasonable doubt that (1) the defendant possessed a controlled substance; (2) the defendant knew that he possessed a controlled substance; and (3) the defendant either (a) distributed the controlled substance or (b) intended to distribute it. See 21 U.S.C. § 841(a)(1). In this case, the only controlled substance that the indictment alleged the defendant distributed or possessed with intent to distribute was cocaine, and the Court instructed the jury without objection that the Government was required to prove beyond a reasonable doubt that the defendant possessed cocaine.[3] (Tr. 659-63.) The defendant's sole argument is that based on the evidence introduced at trial, no rational juror could have found beyond a reasonable doubt that the substance the defendant possessed was in fact cocaine. The Government argues that the testimony of the witnesses was more than sufficient to uphold the verdict.

---

[3] The Court also instructed the jury that the exact amount or purity of the cocaine was irrelevant. (Tr. 662.)

In establishing the sufficiency of the evidence beyond a reasonable doubt, the Government need not introduce the substance itself or a chemical analysis of its composition:

> Lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction. Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.

United States v. Bryce, 208 F.3d 346, 353-54 (2d Cir. 1999) (quoting United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) (citations omitted)); United States v. Gaskin, 364 F.3d 438, 460 (2d Cir. 2004).

Based on the testimony of the witnesses, a reasonable juror could readily have concluded beyond a reasonable doubt that the substance the defendant possessed was in fact cocaine. Several witnesses testified that the substance looked like cocaine, white powder, and that it was placed on the table in lines. (Tr. 103, 307, 164-65.) Two witnesses testified that they ingested the substance by snorting it through their noses, the standard method for ingesting cocaine. (Tr. 103, 165.) Angie

7

was able to estimate that there was "about a gram" of cocaine in the first transaction (Tr. 305-07), and Shane Lee was able to identify about two grams of cocaine in the second transaction (Tr. 164-65). Ashley and Angie testified that Ashley paid $50 for the substance and engaged in a second transaction for credit of an additional $50. (Tr. 103, 305-07.)

Ashley and Angie asked the defendant for cocaine and he produced the substance on two occasions. Although the witnesses did not specifically describe the effects of the substance they ingested, three of the witnesses testified to using cocaine in the past and each witness described the substance as cocaine. (Tr. 97, 165, 236.) Furthermore, after ingesting the cocaine, Ashley and Angie obtained more of the substance from the defendant on credit, indicating that the effects were as desired.

The transactions were conducted with secrecy. John Paul testified that he and the defendant spoke in code regarding cocaine and Ashley testified that the defendant became angry when she failed to use a code word for the cocaine. (Tr. 102, 236.) Significantly, Ashley testified that the defendant asked her to go back to his apartment "to go get the bag of coke." (Tr. 104.) Angie testified that the defendant specifically used the cord "cocaine" when he asked her to go back to his apartment

8

to get the drug. (Tr. 308.) Finally, throughout the testimony of the witnesses, each witness repeatedly referred to the substance as "cocaine." Viewing this testimony in the light most favorable to the government and drawing all reasonable inferences in its favor, the Government introduced more than sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that the substance the defendant possessed was in fact cocaine.

The defendant argues that the witnesses were not credible because throughout the day prior to the drug transaction they had each taken an assortment of illegal narcotics. Therefore, the defendant claims, they were unable to determine whether the substance they were ingesting was actually cocaine. However, the Court cannot substitute its own judgment of the credibility of the witnesses for that of the jury. Autuori, 212 F.3d at 111. Based on the totality of the evidence, a rational juror could infer that the substance the witnesses ingested was cocaine.

The defendant also presses a competing inference—that Mr. Arroyo could have been passing off a non-controlled substance as cocaine. In support of this theory, the defendant argues that none of the witnesses testified to the effects of the cocaine. However, testimony as to the effects of the substance is neither

necessary nor sufficient evidence that it was in fact cocaine; it is only one consideration.  The Government was not required to "exclude every possible hypothesis of innocence." United States v. Martinez, 54 F.3d 1040, 1043 (2d Cir. 1995) (internal quotation marks and citation omitted), and the evidence must be viewed in the light most favorable to the Government.  Autuori, 212 F.3d at 111.  Viewing the evidence and inferences in the most favorable light for the Government, a rational juror could have concluded beyond a reasonable doubt that based on all of the evidence, the defendant possessed cocaine.  The motion for a judgment of acquittal is **denied.**

**III.**

Rule 33 of the Federal Rules of Criminal Procedure provides that the trial court may grant a defendant's motion for a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The standard for granting a motion pursuant to Rule 33 based on an alleged insufficiency of the evidence is also an exacting one.  A court will grant a new trial only "in the most extraordinary circumstances." United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993) (citing United States v. Imran, 964 F.2d 1313, 1318 (2d Cir. 1992)).  In evaluating the sufficiency of the evidence for purposes of Rule 33, the Court "must examine

the entire case, take into account all facts and circumstances, and make an objective evaluation." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (internal citation omitted). There must be "a real concern that an innocent person may have been convicted." Id. While the Court has "broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29," it must nonetheless "exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." Id. (internal citation and quotation marks omitted); see also Sattar, 395 F. Supp. 2d at 83.

In this case, the defendant has not shown extraordinary circumstances warranting a new trial. The totality of the evidence demonstrates beyond a reasonable doubt that the substance the defendant possessed was in fact cocaine. As explained above, the witnesses testified in great detail regarding their drug purchases from the defendant, the secrecy involved in the transactions, the appearance of the substance, the method of ingestion, and the defendant's own description of the substance. The absence of a chemical analysis or physical evidence does not compel a different result. There is no interest of justice that favors a new trial in this case. The motion is **denied.**

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the motions pursuant to Rule 29(c) and Rule 33(a) of the Federal Rules of Criminal Procedure are **denied**.

SO ORDERED.

Dated: New York, New York
January 21, 2013

John G. Koeltl
United States District Judge